# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: October 3, 2025

|  |  |
|---|---|
| MARIA RAMOS,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 20-1500<br><br>Special Master Young |

<u>Sean Franks Greenwood</u>, The Greenwood Law Firm, Houston, TX, for Petitioner.
<u>Austin Joel Egan</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 17, 2023, Maria Ramos ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$42,138.64**, consisting of $27,764.35 in interim attorney's fees for her counsel, Mr. Sean Greenwood, and $14,374.29, in interim expenses. Mot. Int. Att'ys' Fees & Costs, ECF No. 47-48, 55-56 [hereinafter Fees App.].[2] On the same day, August 17, 2023, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 49. In his response, Respondent stated that he would "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award . . ." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed a Supplemental Application for Interim Fees and Costs on March 5, 2024. ECF No. 55. The amounts stated above contain the totals for both interim applications.

## I. Procedural History

On October 29, 2020, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] Petitioner alleges that she suffered from Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on October 30, 2017. Petition ("Pet.") at 1. In support of the Petition, Petitioner filed medical records and affidavits. Exhibits ("Exs.") 1-28. This case was initially assigned to the Special Processing Unit ("SPU").

On September 17, 2021, Respondent filed a status report stating that Respondent was willing to engage in settlement discussions and the Rule 4(c) report deadline was suspended at that time. ECF No. 23. Settlement negotiations were protracted due to the complicated nature of Petitioner's damages and the need to retain life care planners. On September 19, 2024, Petitioner filed a status report stating that the parties had reached an impasse in their settlement discussions, and prematurely asked for a hearing, even though Respondent had not yet provided his formal response to the Petition. ECF No. 62. On October 18, 2024, the Court set a briefing schedule for a ruling on the record regarding entitlement and damages. ECF No. 63. On December 17, 2024, Petitioner filed her Motion for Ruling on the Record, asserting that she suffered from a Table GBS injury, and she also filed her Damages Brief the same day. ECF No. 65-66. Respondent filed a Rule 4(c) Report and Response to Petitioner's Motion for Ruling on the Record on February 14, 2025, arguing that any briefing on damages is premature because entitlement must first be resolved, which will likely require both parties to retain experts, because the diagnosis of GBS is in dispute.

Just before this case was reassigned to me on September 23, 2025, Petitioner filed a status report reiterating the necessity of being awarded interim attorneys' fees and costs at this juncture. Status Report dated Sept. 22, 205, ECF No. 76. The matter of interim attorneys' fees and costs is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### a. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### b. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that

---

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioners' case was filed on October 29, 2020, it has been pending for almost five years. *See* Pet. At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner submitted numerous exhibits, has hired a lifecare planner, and has identified numerous experts to retain in support of her petition. *See generally* Pet'r's Exs. 1–31. Petitioner's counsel has requested $42,138.64**,** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Pet'r's Mot. for IAFC at 2. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.   Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

### A.   Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1,

2015).  When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed.  *Id*. at *17.  The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

    **a.  Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the attorneys, paralegals, and legal assistants who have worked on this matter to date:

<u>**Attorneys**</u>
- Sean Greenwood
    - 2020 – $400
    - 2021 – $425
    - 2022 – $475
    - 2023 – $495
- Kayleigh Smith:
    - 2019 – $225
    - 2020 – $250
- Janell Ochoa
    - 2021 - $180
    - 2022 - $200
    - 2023 - $200
- Anna Carruth
    - 2021 - $180

<u>**Paralegals**</u>
- Megan Ward
    - 2019 - $150
    - 2020 - $160
    - 2021 - $170
    - 2022 - $170
- Jonathan Krupa
    - 2022 - $165
    - 2023 - $175

<u>**Legal Assistant**</u>
- Thomas Ambrosio
    - 2023 – $161

The Greenwood Law Firm is located in Houston, Texas, thus forum rates apply. *See*, *e.g.*, *Scarpato v. Sec'y of Health & Human Servs.*, No. 16–1448V, 2018 WL 3030977, at *1–2 (Fed. Cl. Spec. Mstr. March 28, 2018); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2019); *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *3 (Fed. Cl. Spec. Mstr. Nov. 27,

2018).

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Upon review, the undersigned finds that the billed hours are reasonable. Accordingly, Petitioner is awarded interim attorneys' fees in the amount of $27,764.35.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested $14,374.29 in interim costs. Fees App. Ex. 14, 21 (ECF Nos. 47-48, 55-56). This amount is comprised of acquiring medical records, postage, the Court's filing fee, and life care planning services performed by Stokes & Associates. Petitioner has provided adequate documentation of the requested costs, and all appear reasonable in the undersigned's experience. Accordingly, the full amount of costs requested shall be awarded.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $27,764.35 |
| (Reduction to Fees) | - |
| **Interim Attorneys' Fees Awarded** | **$27,764.35** |
| | |
| Interim Costs Requested | $14,374.29 |
| (Reduction to Costs) | - |
| **Interim Costs Awarded** | **$14,374.29** |
| | |
| **Total Amount Awarded** | **$42,138.64** |

**Accordingly, the undersigned awards a lump sum in the amount of $42,138.64 (representing $27,764.35 in attorney's fees and $14,374.29 in costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Young
Herbrina D. Young
Special Master